## KENTWOOD BANK v. DAROUSE et al.*
### No. 983.

Court of Appeal of Louisiana. First Circuit.

May 3, 1932.

A. W. Spiller, of Hammond, for appellant.

Burns & Pierson, of Ponchatoula, for appellees.

LE BLANC, J.

This is a suit against three parties, one of whom, Henry Bridges, was the payee and indorser of a draft given by A. B. Darouse and for which the plaintiff bank had given him credit before payment thereof was refused. The two other defendants are the maker of the draft, A. B. Darouse, and his father, John Darouse, both of whom had jointly executed two notes to the plaintiff bank. One of the notes is for the sum of $173.72, and the other, $179.68. Both amounts make a sum which is about the equal to the amount of the draft, with interest.

Plaintiff alleges that upon payment of the draft having been refused, it applied to the drawer and indorser thereof for additional security, and accordingly received from them, as additional evidence of the indebtedness, the two notes referred to. It alleges that neither of the notes was paid at maturity, and it prays for judgment against all three defendants, in solido, for the full amount represented by the two notes, including interest and 10 per cent. attorney's fees.

Arthur B. Darouse and Henry Bridges made no appearance in answer to the suit and judgment was rendered against them by default.

John Darouse answered setting up a special plea that the notes which he signed were to constitute a novation of the debt incurred by reason of the nonpayment of the draft and that he signed them on the express condition also that they were not to be used unless signed by Henry Bridges, all to the full knowledge of the plaintiff. He avers that they were never signed by Bridges and therefore never completed, and further that they were never accepted by the plaintiff bank as it refused to take them in lieu of the draft. He further pleads that as to him there was want of consideration and said notes are utterly void.

On the original hearing, the lower court sustained an objection made by counsel for plaintiff and excluded the evidence preferred by defendant John Darouse to support his plea of novation and want of consideration. The objection was urged on the ground that parol testimony was inadmissible to vary or alter the written instruments sued on, in the absence of proper allegations on which to offer such kind of proof. The ruling of the court on the objection was followed by a judgment in favor of the plaintiff. Defendant then moved for and was granted a new trial. At a second hearing, the trial judge changed his ruling on the objection, permitted the introduction of the testimony tendered by the defendant, and came to the conclusion that he had supported his defense. He rendered judgment in his favor, rejecting the plaintiff's demand as to him, and plaintiff then took this appeal.

A decision of the main issue presented in this case depends on the question of the admissibility vel non of the testimony which was objected to as, if it can be considered, we are of the opinion that it shows that the defendant John Darouse, in signing the notes with his son, obligated himself conditionally and that the conditions stipulated never did come into existence.

As a general rule, of course, parol testimony is never admitted where the purpose is to vary, alter, or contradict a promissory note or other contract in writing, in the absence of allegations of fraud or error. There are features in this case, however, which we believe take it out of the rule referred to, if, indeed, the testimony offered was of such a nature as that complained of.

On March 19, 1930, a few days after the notes had been executed and delivered to the bank, J. H. Dickinson, cashier, wrote a letter to A. B. Darouse and Henry Bridges, in which he calls their attention to the outstanding draft of $338.42, insists that something must be done about it, and he adds: "The notes that were brought to us were not satisfactory unless signed by Henry Bridges and the signature of J. Darouse acknowledged in our presence." On April 14, 1930, the day on which the first of the two notes was made payable, Dickinson again addressed a letter to A. B. Darouse, J. Darouse, and Henry Bridges, from which we quote the following: "We did not accept this note in lieu of the checks which we held for your account, but are holding it, and if payment is made promptly, we shall credit the checks we hold with the amount of the first note and wait until May 14 for the balance." May 14 was the maturity date of the other note. It is somewhat significant that in his testimony, on the witness stand, Dickinson says that at the time the notes were made, there was nothing said at all about their being accepted in consideration of the surrender of the draft by the bank. If there had been no mention made about the matter, what, it may be asked, was it that prompted him to so positively deny that fact in the letter quoted from? Another thing this letter shows is the fact that the bank did not accept the notes in the condition in which they were, otherwise, why would Bridges, who had not signed them, be included in the demand made therein?

The authenticity of these letters is not questioned. As a matter of fact, counsel for the bank stated specifically that he had no objection to filing them in evidence. As evidence, they constitute proof by writing, the effect of which is to show that the bank had not accepted the notes in the form in which they were at the time, and after their admission in the record, made with the express consent of counsel for plaintiff, the defendant was entitled to offer proof by parol, which as a matter of fact did not vary or contradict the terms of the written instrument sued on, but merely served to explain and clarify the ambiguity arising from the contents of the letters themselves.

The testimony of John Darouse and of Arthur B. Darouse indicates clearly, as we have already stated, the real condition under which John Darouse, signed and executed these notes. He did not sign them as indorser, and therefore cannot be held in that capacity as counsel for the bank would have him bound. He signed as a maker with Arthur B. Darouse on the express condition that Henry Bridges would likewise sign them, and on the further condition that the draft which was held by the bank would be surrendered by it. The surrender of the draft

was the consideration he was to receive. The bank still holds the draft, and therefore John Darouse is still lacking the consideration he was to obtain. On the other hand, the letters written by the cashier of the bank, as well as the testimony of the two Darouses, shows that it was the intention of all parties that Bridges was to sign the notes as well as they, before they were to be accepted. Bridges never did sign them; therefore they are incomplete. Under either situation the defendant John Darouse is relieved from the liability herein sought to be imposed on him.

The judgment of the lower court correctly dismissed the demand as to him, and it is therefore affirmed.